Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------------------X
SERGIO ABDULIO HERNANDEZ, individually and on behalf
of all others similarly situated,

                                Plaintiffs,

            -against-

LEXI INDUSTRIES LLC d/b/a ROB'S CARPET AND
FLOORING, and ROBERT JOLES, as an individual,

                              Defendants.
--------------------------------------------------------------------X

**COLLECTIVE ACTION
COMPLAINT**

JURY TRIAL
DEMANDED

1. Plaintiff, **SERGIO ABDULIO HERNANDEZ, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**<u>PRELIMINARY STATEMENT</u>**

2. Plaintiff, **SERGIO ABDULIO HERNANDEZ, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **LEXI INDUSTRIES LLC d/b/a ROB'S CARPET AND FLOORING** (hereinafter, "<u>Lexi Industries</u>"), and **ROBERT JOLES, as an individual** (hereinafter, "<u>Defendant Joles</u>") (and collectively, the "<u>Defendants</u>"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at LEXI INDUSTRIES LLC d/b/a ROB'S CARPET AND FLOORING located at 254 Livingston Street, Northvale, NJ 07647.

3. As a result of the Defendants' violations under the Fair Labor Standards Act ("FLSA"), New Jersey Wage and Hour Law ("NJWHL"), and New Jersey Wage Payment Law

("NJWPL") delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff SERGIO ABDULIO HERNANDEZ residing at Haverstraw, NY 10927 is a former employee of Defendants employed by Defendants from in or around January 2010 until in or around April 2020, at LEXI INDUSTRIES LLC d/b/a ROB'S CARPET AND FLOORING located at 254 Livingston Street, Northvale, NJ 07647.

9. Upon information and belief, Defendant LEXI INDUSTRIES LLC is a New Jersey domestic limited liability company, organized under and existing by virtue of the laws of the State of New Jersey.

10. Upon information and belief, Defendant LEXI INDUSTRIES LLC d/b/a ROB'S CARPET AND FLOORING is duly authorized to conduct business in the state of New Jersey.

11. Upon information and belief, Defendant JOLES is the owner, Chairman and Chief Executive Officer of LEXI INDUSTRIES LLC d/b/a ROB'S CARPET AND FLOORING.

12. Upon information and belief, Defendant JOLES operates LEXI INDUSTRIES d/b/a ROB'S CARPET AND FLOORING.

13. Upon information and belief, Defendant JOLES is the registered agent of Defendant LEXI INDUSTRIES LLC d/b/a ROB'S CARPET AND FLOORING.

14. Defendant JOLES has power over the personnel decisions of Defendant LEXI INDUSTRIES LLC d/b/a ROB'S CARPET AND FLOORING.

15. Defendant JOLES has power over all payroll decisions at Defendant LEXI INDUSTRIES LLC d/b/a ROB'S CARPET AND FLOORING.
    and distributed pay to its employees, including the Plaintiff.

16. Defendant JOLES has the power to hire and fire employees at Defendant LEXI INDUSTRIES LLC d/b/a ROB'S CARPET AND FLOORING, establish and pay their wages, sets their work schedule, and maintains their employment records.

17. During all relevant times herein, Defendant JOLES, was Plaintiff's employer within the meaning of the FLSA.

18. During all relevant times herein, Defendant JOLES, was Plaintiff's employer within the meaning of the NJWHL and NJWPL.

19. On information and belief, LEXI INDUSTRIES is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or other wise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## RELEVANT STATUTORY PERIOD

20. Under the FLSA and NJWHL, Plaintiff's federal and state law claims are subject to statute of limitations periods of 3 years from the date of the filing of the Complaint, respectively. This Complaint was filed in January 2022. As such, the relevant statutory period for Plaintiff's claims asserted herein encompass the entirety of the period spanning January 2019 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS

21. Plaintiff SERGIO ABDULIO HERNANDEZ was employed by Defendants from in or around January 2010 until in or around April 2020 by the Defendants at LEXI INDUSTRIES LLC d/b/a ROB'S CARPET AND FLOORING.

22. During Plaintiff's employment by Defendants, Plaintiff's primary duty was to work as a warehouse worker where he received deliveries, cut carpets, banded carpets and installed carpets.

23. Throughout Plaintiff's employment by the Defendants, Defendants paid Plaintiff a flat weekly rate of approximately $800.00 per week.

24. Throughout Plaintiff's employment by the Defendants, Plaintiff worked approximately sixty (60) hours, or more hours, per week.

25. Although Plaintiff worked approximately sixty (60) or more hours per week throughout his employment by the Defendants, the Defendants did not pay Plaintiff at a rate of time and a half (1.5) for all hours Plaintiff worked over forty (40) in a workweek, a blatant violation of the overtime provisions contained in the FLSA, NJWHL and NJWPL.

26. Upon information and belief, Defendants willfully failed to post notices of the applicable overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA, NJWHL and NJWPL.

27. Upon information and belief, Defendants willfully failed to keep contemporaneous payroll records as required by the FLSA, NJWHL and NJWPL.

28. Upon information and belief, Defendants willfully failed to maintain accurate employee payroll and wage records as required by the FLSA, NJWHL and NJWPL.

29. As a result of these various violations of Federal and State wage and hour laws, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all his legal and equitable remedies available as this Court deems appropriate.

## **COLLECTIVE ACTION ALLEGATIONS**

30. Plaintiff brings this action on behalf of himself and all other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). Those employees similarly situated are the collective class.

31. Collective Class: All persons who are or have been employed by the Defendants as warehouse workers or similarly titled personnel subject to similar job requirements and pay provisions by Defendants, who were performing the same sort of functions for the Defendants other  than executive and management positions, who have been subject to the Defendants' common practices, policies, programs, procedures, protocols and plans, including but not limited to willfully failing and refusing to pay any overtime wage compensation.

32. Upon information and belief, the Defendants employed approximately 5-10 employees within the relevant time whom Defendants subjected to similar payment structures, including but not limited to the willful failure to properly pay their overtime wages.

33. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

34. Defendants' unlawful conduct has been widespread, repeated, and consistent.

35. Upon information and belief, the Defendants had knowledge that the Plaintiff and the Collective Class performed work requiring overtime pay.

36. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff, and the Collective Class.

37. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NJWHL who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

38. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

39. The claims of Plaintiff are typical of the claims of the putative class.

40. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

41. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

42. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

43. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

44. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

45. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

46. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

47. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

48. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New Jersey Wage and Hour Law

49. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

50. NJWHL § 34:11-56a *et seq.* requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

51. As described above, Defendants are employers within the meaning of the NJWHL, while Plaintiff and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NJWHL.

52. Also as described above, Plaintiff and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours each week, yet the Defendants failed to compensate them in accordance and compliance with, the NJWHL's overtime provisions.

53. Plaintiff, and any FLSA Plaintiff, who opts-in to this action, is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay.

54. Plaintiff, and any FLSA Plaintiff who opts-in to this action, is also entitled to liquidated damages, interest, attorneys' fees, and their costs and disbursements in this action for Defendants' violations of the NJWHL's overtime provisions.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the NJWHL, and the NJWPL, and their regulations;

b. Awarding Plaintiff unpaid overtime wages;

c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216, NJWHL, and NJWPL;

d. Awarding Plaintiff prejudgment and post-judgment interest;

    e.   Awarding Plaintiff, the costs of this action together with reasonable attorneys' fees; and

    f.   Awarding such and further relief as this court deems necessary and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 28th day of January 2022.


*Roman Avshalumov*

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SERGIO ABDULIO HERNANDEZ, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

LEXI INDUSTRIES LLC d/b/a ROB'S CARPET AND FLOORING, and ROBERT JOLES, as an individual,

Defendants.

SUMMONS & COLLECTIVE ACTION COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**LEXI INDUSTRIES L.LC d/b/a ROB'S CARPET AND FLOORING**
254 Livingston St
Northvale, NJ 07647-1902

17 Council Pl
Harrington Park, NJ 07640-1310

**ROBERT JOLES**
17 Council Pl
Harrington Park, NJ 07640-1310

254 Livingston St
Northvale, NJ 07647-1902